UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRADLEY BOSZAN,

     Plaintiff,

v.                                                                    Case No: 6:14-cv-1652-Orl-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff, Bradley Boszan, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.**  **Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382a(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that he is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If he meets this burden, he will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform his past relevant work, then he will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989).  There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert.  *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).  Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed an application for Social Security disability benefits on September 19, 201l, alleging disability beginning October 15, 2009.  (Tr. 195-96, 211).  Plaintiff's application was denied initially and upon reconsideration.  (Tr. 79-95, 100-18).  A hearing was held before Administrative Law Judge Gregory J. Froehlich (the "ALJ") on November 20, 2012.  (Tr. 55-77).  On December 19, 2012, the ALJ entered a decision finding that Plaintiff was not under a disability from October 15, 2009, through the date of the decision.  (Tr. 38-49).  Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on May 21, 2014.  (Tr. 12).  Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on October 10, 2014.  The parties having filed memorandum in support of their positions, this case is ripe for review.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 15, 2009, the alleged onset date.  (Tr. 40).  At step two, the ALJ found that Plaintiff had the severe impairment of rheumatoid arthritis.  (Tr. 40).  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1,  including 114.09, pertaining to inflammatory arthritis. (Tr. 42).

- 4 -

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with limitations. The claimant is limited to occasional postural activities; no more than frequent bilateral handling and fingering tasks; no concentrated exposure to vibrations; and no working with moving mechanical parts or near unprotected heights.

(Tr. 43).  At step four, the ALJ found that Plaintiff is capable of performing his part relevant work as a "manager: vehicle leasing and rental". (Tr. 48).  The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from October 15, 2009, through the date of the decision.  (Tr. 48).

## II.    Analysis

Plaintiff raises four issues on appeal:  (1) whether the ALJ erred by failing to provide good cause for rejecting the opinion of Plaintiff's treating physician; (2) whether the ALJ erred by improperly analyzing Plaintiff's credibility; (3) whether the ALJ's RFC finding was supported by substantial evidence; and (4) whether the ALJ erred by improperly relying on the testimony of a vocational expert in finding that Plaintiff is capable of performing a full range of light work.  The Court will address each issue in turn.

### A.  Whether the ALJ erred by failing to provide good cause for rejecting the opinion of Plaintiff's treating physician.

Plaintiff argues that the ALJ erred by according "little weight" to the opinion of Plaintiff's treating physician, Maria Vintimilla, M.D.  (Doc. 21 p. 15-18).  Plaintiff contends that the ALJ's analysis was inadequate to reject the opinion of Dr. Vintimilla, especially those portions of the opinion pertaining to Plaintiff's inability to carry on daily activities/work or to perform even low stress work.  (Doc. 21 p. 16-17).  Defendant responds that the ALJ properly discounted Dr. Vintimilla's opinion.  (Doc. 22 p. 4).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted).  The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011).  Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary.  *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has held that good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Id.* Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error.  *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

The record reveals that on March 14, 2012, Dr. Vintimilla complete a form on which she opined Plaintiff suffered from moderate to severe rheumatoid arthritis that prevented him from lifting more than five pounds and made it difficult to walk or stand.  (Tr. 459).  Dr. Vintimilla

noted Plaintiff had "moderate limitations" in his residual functioning and had limitations in grooming, bathing, cooking, and dressing himself.  (Tr. 459).

The record also contains an unsigned, undated questionnaire presumably completed by Dr. Vintimilla.  (Tr. 460-61).  Dr. Vintimilla identified Plaintiff's symptoms as pain, fatigue, stiffness, and swelling.  (Tr. 460).  Dr. Vintimilla characterized Plaintiff's pain as rating a ten out of ten. (Tr. 460).  Dr. Vintimilla checked boxes indicating that Plaintiff had reduced range of motion of the hands, feet, and knees; joint warmth, deformity, and instability; reduced grip strength; redness, swelling, crepitus, and tenderness; muscle weakness and atrophy; and abnormal gait.  (Tr. 460). Dr. Vintimilla indicated on the form that Plaintiff is "[i]ncapable of even 'low stress jobs'" and explained that it was due to Plaintiff's "constant pain." (Tr. 461).

In his decision, the ALJ explained that he accorded "little weight" to Dr. Vintimilla's opinion as follows:

> In turning to the opinion evidence, Dr. Vintimilla recently completed residual functional capacity questionnaire forms in relation to the claimant's RA diagnosis, and opined the claimant could not engage in substantial gainful activity; was unable to lift more than five pounds; had difficulty walking, standing; and had general limitations regarding activities of daily living.  Within the questionnaire portion, Dr. Vintimilla identified constant pain, reduced grip strength, reduced range of motion, muscle weakness, tenderness, redness, and joint instability as positive objective signs.  Dr. Vintimilla also concluded the claimant was incapable of even "low stress jobs," and the reasons for such incapability was "due to constant pain" (Exhibit 14F and 15F).  Indeed, treating source opinions often provide longitudinal perspective and greater insight into the severity of an individual's impairment.  In this instance, however, Dr. Vintimilla's medical opinion receives little weight.  This is because, for the reasons stated below, her medical source statements particularly contained within these questionnaire forms are overbroad, ambiguous, and unconfirmed by the medical evidence records submitted during the term of the claimant's medical history since his alleged onset.
>
> Specifically, the term 'low stress jobs' is an ambiguous term because it is highly subjective and such may not be used to determine if an individual is 'disabled' without clear definition and/or clarification set forth by the

> Social Security Regulations, policies and standards (SSR 06-3p).   In
> addition, I find it noteworthy the only reason provided by Dr. Vintimilla
> for the claimant's inability to tolerate low stress work was due to "pain"
> (Exhibit 15F).   Again, this overbroad statement is highly subjective.
> Despite the provision of space provided in the questionnaire to offer some
> level of specificity in explanation unique to the claimant's inability to
> work due to his RA impairment, Dr. Vintimilla failed to provide such
> critical information other than a generalized statement regarding the
> claimant experiencing pain.

(Tr. 47).

In this case, the Court finds that substantial evidence supports the ALJ's decision to accord "little weight" to the opinion of Dr. Vintimilla.   The record supports the ALJ's finding that Dr. Vintimilla's opinion is unconfirmed by the medical evidence.   Contrary to Dr. Vintimilla's opinion, Dr. Vintimilla consistently noted that Plaintiff had full range of motion in his hands, feet, and knees. (Tr. 413, 460, 478, 482-83, 486-87).   While Plaintiff rated his pain at seven, eight, and nine at his appointments with Dr. Vintimilla, but never at a ten, as she indicated in the questionnaire forms.  (Tr. 460, 477, 481, 485).   Further, Dr. Vintimilla's records contain no indication that Plaintiff had joint instability, reduced grip strength, crepitus, redness, muscle atrophy, or abnormal gait, despite indicating the presence of these findings in her opinion.  (Tr. 413, 460, 477-8, 482-83, 486-87).   The ALJ acknowledged that Dr. Vintimilla opined that Plaintiff could not work even a "low stress job," but explained that this generalized statement was only based on Plaintiff's highly subjective complaints of pain.   The ALJ provided good cause for giving "little weight" to Dr. Vintimilla's opinion and the Court will uphold the ALJ's determination on appeal.

**B.   Whether the ALJ erred by improperly analyzing Plaintiff's credibility.**

Plaintiff argues that the ALJ's reasoning was insufficient to reject Plaintiff's testimony. (Doc. 21 p. 19).   Defendant responds that substantial evidence supports the ALJ's finding that

Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible.  (Doc. 22 p. 11).

The Eleventh Circuit's three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms requires (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity that it can be reasonably be expected to cause the alleged pain. *Foote v. Charter,* 67 F.3d 1553, 1560 (11th Cir. 1995); *Kelly v. Apfel,* 185 F.3d 1211, 1215 (11th Cir. 1999).  After considering claimant's subjective complaints, the ALJ may reject them as not credible, and that determination is reviewed for substantial evidence. *Marbury v. Sullivan,* 957 F.2d 837 (11th Cir. 1992).  If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates that the claimant's impairment could reasonably be expected to produce some degree of pain and other symptoms, the ALJ evaluates the intensity and persistence of the claimant's symptoms and their effect on his ability to work by considering the objective medical evidence, the claimant's daily activities, treatment and medications received, and other factors concerning functional limitations and restrictions due to pain. See 20 C.F.R. § 404.1529.

Plaintiff testified at the administrative hearing that he experiences fatigue; severe joint pain; muscle aches; depression; swelling and stiffness in the hands, feet, ankles and knees; back pain; weight gain; and sleeplessness.  (Tr. 62, 64, 68-69).  Plaintiff alleged that the swelling and pain in his ankles, wrists, and shoulders caused him difficulty with rising from bed or from a chair without help.  (Tr. 59).  Plaintiff reported he had difficulty walking after 100 yards, experienced discomfort after sitting approximately 20 to 40 minutes, and could stand comfortably in one position for no more than 15 minutes.  (Tr. 61, 66, 267).  Plaintiff alleged his medications caused

headaches, rashes and hives, nausea, dizziness, dry mouth, and difficulty concentrating.  (Tr. 62, 241-42, 269, 297).

Plaintiff further testified that he was significantly limited in his ability to write or even sign his name, type more than a password, bend, and reach and could not drive long distances due to back spasms and difficulty turning his head.  (Tr. 63, 65-68, 242).  Plaintiff stated he experienced severe pain and discomfort that caused him to stay in bed at least six hours during the day approximately 10 days out of a 30-day period.  (Tr. 66).  Plaintiff reported having muscle spasms in his feet that caused his toes to feel numb and "lock up" three to four times per week.  (Tr. 64-65).  Plaintiff testified he had difficulty using his hands for fine and gross manipulative tasks such as twisting the cap off a tube of toothpaste, opening a jar, or opening a door and sometimes needed assistance to put on shirts and tie his shoes.  (Tr. 63, 65, 240-41, 250).  Plaintiff stated he performed lawn work sometimes but could not could not move the next day, took out the garbage, and went to the beach often to soak in the ocean, which helped relieve his symptoms.  (Tr. 249-50, 265).

In his decision, the ALJ noted that while "claimant described the severity of his symptoms as significantly limiting," the ALJ could not "objectively verify such limitations with any reasonable degree of certainty" due to "the relatively weak medical evidence, which fails to establish consistent levels of persistence and intensity for a finding of 'disabled'".  (Tr. 45).

The Court finds that the ALJ did not err in his treatment of Plaintiff's subjective complaints.  The ALJ explained his reasoning for discounting Plaintiff's subjective complaints.  The ALJ noted that despite Plaintiff's complaints of side effects, Plaintiff denied headaches, nausea, and dizziness at every appointment with Dr. Vinitmilla after she prescribed medication, and her treatment notes are devoid of any mention of concentration difficulties.  (Tr. 475-90).  Dr. Vintimilla did not indicate that Plaintiff experienced any medication side effects in her opinion, either.  (Tr. 461).

Lisa S. Merlison, Psy.D., who performed a consultative psychological evaluation of Plaintiff, found only mild impairment in attention. (Tr. 451). The ALJ properly discounted Plaintiff's testimony because it was inconsistent with the medical evidence. *See* 20 C.F.R. § 404.1529(c)(3)-(4).

In addition, the ALJ noted that the record does not contain laboratory data, diagnostic impressions and/or medical findings that support the level of impairment Plaintiff alleges. (Tr. 45). The record shows that Plaintiff did not seek treatment for arthritis until approximately two years after he alleged he became disabled. (Tr. 45, 412-13). In Plaintiff's initial examination by Dr. Vintimilla, it was note that Plaintiff reported good range of motion in his shoulders and knees. (Tr. 45). Dr. Vintimilla consistently indicated that Plaintiff was in no acute distress. (Tr. 413, 477, 481, 486). While Dr. Vintimilla noted on some occasions that Plaintiff had swelling and tenderness of the joints in the hands, fingers, and wrist and she once noted toe joint swelling, pain on shoulder abduction, tendersness of the cervical spine, and lower back spasms, she consistnely stated Plaintiff had a full range of motion in his fingers, hands, knees, hips, ankles, feet, and toes. (Tr. 413, 478, 482-83, 486-87).

The ALJ noted that after Plaintiff initial examination, Dr. Vintimilla referred Plaintiff to radiologists Craig A. Roberto, M.D., and Robert W. Levy, M.D., for x-rays. (Tr. 45). Dr. Roberto reported a "negative examination" noting soft tissue unremarkable and the claimant's joints were intact without significant arthropathy or dislocation. (Tr. 45). Dr. Levy's final diagnostic impression recorded was "no evidence of fracture, dislocation or significant arthritic changes." (Tr. 45, 437-38).

Further, the ALJ noted that Plaintiff's arthritis received little attention during hospitalizations related to alcohol intoxication in 2009 and 2010. (Tr. 45). Also, the ALJ found

that the state agency medical and psychological consultant's opinions support a finding of "not disabled." (Tr. 46). The ALJ noted that Dr. Oberlander reviewed Plaintiff's medical records and ultimately found that Plaintiff's allegations are not supported by the objective findings or x-rays, and that the exams showed only a mild degrees of rheumatoid arthritis. (Tr. 45). Dr. Rucker also concluded that Plaintiff was not disabled. (Tr. 46). Finally, the ALJ noted that Dr. Shoemaker physically examined Plaintiff and recorded full range of motion of all upper and lower extremity joints. (Tr. 46). Dr. Shoemaker also noted that Plaintiff was able to ambulate effectively and was within normal limits regarding fine/gross manipulation with hands. (Tr. 46).

The ALJ's decision to discount the testimony of Plaintiff was supported by substantial evidence. Accordingly, the Court will not disturb the ALJ's decision on appeal.

### C. Whether the ALJ's RFC finding was supported by substantial evidence.

Plaintiff contends that the record does not the support the ALJ's RFC finding. (Doc. 21 p. 23). Plaintiff notes that his treating physician assessed greater limitations than did the ALJ in formulating his RFC and that "it does not appear according to the record" that any of the Social Security physicians offered a specific opinion as to Plaintiff's physical limitations. (Doc. 21 p. 23). Defendant responds that Plaintiff's argument suggests, incorrectly, that the ALJ was required to base his RFC finding on a specific opinion as to Plaintiff's physical limitations. (Doc. 2 p. 17).

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do

despite her physical and mental limitations.  20 C.F.R. § 404.1545(a)(1).  In determining whether

Plaintiff can return to her past relevant work, the ALJ must determine the Plaintiff's RFC using all

of the relevant medical and other evidence in the record.  *Phillips v. Barnhart*, 357 F.3d 1232,

1238-39 (11th Cir. 2004), 20 C.F.R. §404.1520(e).

     Here, the Court finds that Plaintiff has failed to show that the ALJ's RFC finding was not

supported by substantial evidence.  As explained above, the ALJ's decision to discount the opinion

of Plaintiff's treating physician was supported by good cause and the ALJ committed no error in

not adopting all the limitations opined by Dr. Vintimilla.  The ALJ thoroughly summarized the

medical evidence of record and explained his reasoning in determining that Plaintiff is capable of

performing a limited range of light work.  In addition, contrary to Plaintiff's argument, the record

does contain opinion evidence supporting the ALJ's assessment of light work.  For example, he

record shows that Audrey Goodpasture, M.D., a state agency medical consultant, reviewed the

evidence of record on January 26, 2012, and opined that Plaintiff could perform a range of light

work. (Tr. 109-10).  Accordingly, the Court does not deem remand appropriate on this issue.

### D.  Whether the ALJ erred by improperly relying on the testimony of a vocational expert in finding that Plaintiff is capable of performing a full range of light work.

     Plaintiff argues that the ALJ erred by failing to include all of Plaintiff's impairments when

the ALJ posed a hypothetical question to the vocational expert.  (Doc. 21 p. 24).  Specifically,

Plaintiff contends the ALJ erred by failing to include the impairments opined by Dr. Vintimilla

and the limitations claimed by Plaintiff.  The Court is unpersuaded by this argument.

     If the ALJ decides to use a vocational expert, for the vocational expert's opinion to

constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all

of the claimant's impairments."  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).  Here,

the ALJ's hypothetical question to the ALJ comprised all the limitations found by the ALJ in his

RFC determination.  The ALJ's RFC finding was supported by substantial evidence and, therefore, the ALJ did not err by relying on the testimony of the vocational expert.  In essence, Plaintiff is restating his arguments that the ALJ should have included in his RFC finding the opinion of Dr. Vintimilla and Plaintiff's complaints.  As explained above, the ALJ did not err in discounting these sources.  The ALJ committed no error in relying on the vocational expert's testimony. Accordingly, the Court will affirm the ALJ's decision.

### III.    Conclusion

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 11, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties